**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERON KENNETH HOLSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>GARCIA,<br><br>    Defendant. | No. 2:20-CV-2466-DJC-DMC-P<br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to compel, ECF No. 39, Defendant's opposition thereto, ECF No. 41, and Plaintiff's reply, ECF No. 43.

**I. BACKGROUND**

This action proceeds on Plaintiff's original complaint. Plaintiff names the following as defendants: (1) Brown; and (2) Garcia. See ECF No. 1, pgs. 1-2. Both are alleged to be officers with the Placerville Police Department. See id. at 2. Plaintiff alleges that Defendant Brown falsely arrested him, and that Defendant Garcia used excessive force. See id. at 6-9. On August 9, 2021, the Court determined the complaint was appropriate for service as to both defendants. See ECF No. 13. On January 10, 2022, Plaintiff requested the voluntary dismissal of Defendant Brown. See ECF No. 24. Defendant Garcia answered the complaint on

1

April 22, 2022.  See ECF No. 28.  Following an unsuccessful early settlement conference, the Court issued a scheduling order on June 22, 2022.  See ECF No. 35.  Pursuant to that order, the parties were permitted to conduct discovery through January 23, 2023.  See id.  Discovery is now closed, and Defendant has filed a motion for summary judgment which, to date, is unopposed.  See ECF No. 55.

With respect to Defendant Garcia, Plaintiff alleges that he was arrested and booked into the El Dorado County Jail on July 28, 2020, for violation of parole.  See ECF No. 1, ¶ 11.  As he was being booked, Plaintiff used "profanities against no one in particular."  Id. at ¶ 4.  Plaintiff claims that, in an effort to punish Plaintiff, Defendant Garcia released Plaintiff's left arm, punched him in the left eye, and tackled him to the ground.  See id. at ¶¶ 5, 7, 12.  Plaintiff was then allowed to stand up and walk about 15 feet before being forced against a wall.  See id. at ¶ 8.  According to Plaintiff, his handcuffs were then removed, and he was dragged to the ground and repeatedly struck in the head and torso.  See id. at ¶ 9.  Plaintiff claims that, after Garcia stopped punching him, handcuffs were re-attached.  See id. at ¶ 10.

## II.  SUMMARY OF DISCOVERY IN DISPUTE

Plaintiff served Defendant with requests for production of documents on July 11, 2022, setting forth 20 separate requests.  See ECF No. 41-1, pgs. 4-11 (Exhibit A to declaration of defense counsel).  Defendant served responses on August 15, 2022.  See ECF No. 39, pgs. 9-7 (Defendant's responses to request nos. 1 through 7 attached to Plaintiff's motion to compel); see also ECF No. 41-1, pgs. 1-2.  Defendant served supplemental responses to request nos. 3 and 4 on September 16, 2022.  See ECF No. 41-1, pgs. 48-52 (Exhibit C to declaration of defense counsel).

At issue in Plaintiff's motion to compel are Defendant's responses to request nos. 3, 4, and 5.

///
///
///
///

### III. DISCUSSION

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  Rule 37 also requires the moving party to meet and confer with the opposing party.  See Fed. R. Civ. P. 37(a)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

The three disputed requests and the sufficiency of Defendant's responses thereto are discussed below.

    **A.**    **Request Nos. 3 and 4**

Plaintiff's Request No. 3

Please produce any documents showing all of the names of the officers on duty in the jail during the "incident."

ECF No. 41-1, pg. 7 (Exhibit A to declaration of defense counsel).

Defendant's Initial Response

Defendant objects to this request on the ground that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. At issue in this case is a single claim for excessive force against Defendant (See ECF Nos. 1 and 26). The complaint contains no claims/allegations of excessive force by any other officer. *Id.* Additionally, the information sought by this request is not proportional to the need for the identification of witnesses or any other need of the case because there is video evidence of the incident, which is dispositive of the use-of-force claim. Defendant invites Plaintiff to meet and confer regarding the scope of this request.

ECF No. 39, pg. 11 (attachment to Plaintiff's motion to compel).

Defendant's Supplemental Response

Defendant objects to this request as overbroad insofar as it seeks documents identifying officers who were not involved in the incident. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding said objections and without waiving them, Defendant responds as follows:

///

    Defendant has no responsive documents in his possession, custody, or control. Defendant inquired with his employer and has not yet heard back whether such documents exist or can be obtained. Defendant will amend his response once he knows whether such documents exist and/or are in his possession, custody, or control. Defendant has provided the names of involved officers based on his recollection in his supplemental response to Request for Production of Documents No. 4, which may render this request moot. Please see below.

ECF No. 41-1, pg. 50 (Exhibit C to declaration of defense counsel).

Plaintiff's Request No. 4

    I have alleged two points of excessive force by defendant. The top view drawing shows two (x)s. At the first (x) inside the "jail building door" I can identify offices Garcia and Mill. Please identify from the document required in (No. 3) above the names of the officers that were present during the "incident" at the second (T) on the drawing. I have put 1st + 2nd to identify the x being referred to on the drawing [included with request no. 2].

ECF No. 41-1, pg. 7 (Exhibit A to declaration of defense counsel).

Defendant's Initial Response

    Defendant objects to this [request] on the ground that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. At issue in this case is a single claim for excessive force against Defendant (See ECF Nos. 1 and 26). The complaint contains no claims/allegations of excessive force by any other officer. *Id.* Additionally, the information sought by [this request] is not proportional to the need for the identification of witnesses or any other need of the case because there is video evidence of the incident, which is dispositive of the use-of-force claim. Defendant invites Plaintiff to meet and confer regarding the scope of this request.

ECF No. 39, pg. 11 (attachment to Plaintiff's motion to compel).

Defendant's Supplemental Response

    Defendant objects to this request on the ground that it improperly combines an interrogatory with a request for production of documents. Defendant also objects to this request to the extent it seeks to discover the names of involved officers for purposes of adding them to this lawsuit. Because the two-year statute of limitations for claims of excessive force expired on July 28, 2022, discovery for this purpose is not proportional to the needs of the case. Notwithstanding said objections and without waiving them, Defendant responds to the merits of this request as follows:

/ / /

/ / /

>	The names of the officers involved in the incident are: Officer Hill, Isaiah; Officer Cornwall, Cassandra; Officer Hanson, Chris; Officer; Taylor, Jason; Officer Taroli, Tara; Officer Angelton, Nick; Sgt. Donahue.

ECF No. 41-1, pg. 51 (Exhibit C to declaration of defense counsel).

The Court agrees with Defendant that the supplemental responses served on September 16, 2022 (after Plaintiff's motion to compel was filed on September 1, 2022) renders Plaintiff's motion moot as to request nos. 3 and 4. Specifically, in both requests, Plaintiff seeks the identities of other officers who were on duty at the time of the incident on July 28, 2020. In the supplemental responses, Defendant identifies all such individuals known to him. Plaintiff has not filed any further motion to compel challenging the sufficiency of Defendant's supplemental responses. Plaintiff's motion will be denied as to request nos. 3 and 4, and no further responses to these requests will be ordered.

**C.     Request No. 5**

Plaintiff's Request No. 5

> At the jail plaintiff has a master ID number 12856. Please produce all electronically stored documents, video, audio, medical, grievances, inmate request slips, disciplinary reports, events tracking and any other stored documents from three years prior to the incident to present — so from July 2017 to July 2022. Be advised the documents will include multiple periods of incarceration where different "booking ID" numbers are found - but in each period the "Arrest ID" which is referred to here as "Master ID" is always the same 128561. Also be advised that the jail recently changed its record keeping system to NCIC. The "incident" in this matter occurred prior to the NCIC records system being put into place.

ECF No. 41-1, ps. 7-8 (Exhibit A to declaration of defense counsel).

Defendant's Response

> Defendant objects to this request as overbroad and unintelligible as phrased as it fails to identify a particular category of document. Defendant further objects to the extent this request seeks information protected by privacy rights, the attorney-client privilege, and/or work-product doctrine. Defendant interprets this request as seeking Plaintiff's jail file. Notwithstanding said objections and without waiving them, Defendant responds as follows:
> Defendant has no responsive documents in his possession, custody, or control. Such documents are in the custody, possession, and control of the El Dorado County Sheriff's Office.

ECF No. 39, pg. 12 (attachment to Plaintiff's motion to compel).

The Court finds that Defendant's response is adequate. As Defendant indicates, the records Plaintiff seeks are in the possession, custody, and control of the El Dorado County Sheriff's Department and not the individual employee defendant against whom the action proceeds. Defendant has adequately responded that no responsive documents are in his possession, custody, or control. Plaintiff was free during the time discovery was open to seek such records by way of a subpoena directed to the El Dorado County Sheriff's Department. No further response will be ordered, and Plaintiff's motion will be denied as to request no. 5.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel, ECF No. 39, is denied.

Dated: June 12, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE